[Crim. No. 1253.  First Appellate District, Division One.—March 3, 1925.]

In the Matter of MYRTLE KINNEY on Habeas Corpus.

[1] CRIMINAL LAW—SEVERAL OFFENSES FROM SAME ACTS—PLEADING—JUDGMENT—NEW TRIAL.—Where a defendant is accused of seven separate acts of burglary and, in independent counts, of seven separate charges of receiving stolen goods, the fruits of said burglaries, and upon trial separate verdicts of conviction are rendered, the granting of a motion for a new trial as to the charges of receiving stolen goods does not operate to set aside the convictions on the charges of burglary.

[2] ID. — ERRORS RELATING TO EXERCISE OF JURISDICTION — HABEAS CORPUS.—The petition for a writ of *habeas corpus* must be denied where the errors complained of are not jurisdictional, but, if errors at all, relate merely to the exercise of jurisdiction.

---

(1) 16 C. J., p. 259, n. 95, p. 1249, n. 95 New.  (2) 29 C. J., p. 25, n. 4.

APPLICATION for a Writ of Habeas Corpus to secure the release of petitioner from custody after conviction of burglary.  Writ denied.

The facts are stated in the opinion of the court.

James P. Montgomery for Petitioner.

---

2.  See 12 R. C. L. 1185; 13 Cal. Jur. 218.

KNIGHT, J.—Application for a writ of *habeas corpus.*

The petitioner, Myrtle Kinney, was accused, with one George Hart, in San Diego County, of seven separate acts of burglary and seven separate charges of receiving stolen goods, upon which they were jointly tried and convicted. The stolen goods alleged to have been wrongfully received by defendants were the fruits of the burglaries set forth in the information. Upon motion of defendants the trial court granted a new trial as to the charges of receiving stolen goods, denied a new trial as to the charges of burglary, and thereupon sentenced the defendants to indeterminate sentences on each conviction of burglary. Appeals from said convictions were announced by the defendants but not perfected.

It is alleged in the petition for the issuance of the writ that the judgment entered in said action was and is void for the following reasons: First, that two separate felony charges are based upon one alleged act, and that, therefore, petitioner's conviction thereon was "in contravention of article I, section 13, of the Constitution of the State of California, wherein it is provided that 'no person shall be twice put in jeopardy for the same act' "; secondly, "that the granting of a new trial on seven counts for alleged possession of stolen goods, *ipso facto*, granted a new trial on the seven counts for alleged burglary"; thirdly, that there was no evidence proving that petitioner was guilty of any of the alleged burglaries.

We find no merit in any of petitioner's contentions. It is manifest that she has suffered no prejudice from the charges of receiving stolen goods for the reason that as to them a new trial was granted. **[1]** But the granting of a new trial on those charges did not operate to set aside the convictions on the charges of burglary, because the latter charges were embodied in independent counts upon which separate verdicts were rendered, and consequently constituted distinct judgments of conviction. (*People* v. *Dillon* 68 Cal. App. 457 [229 Pac. 974].) **[2]** And in any event the petition for the writ must be denied for the reason that the errors complained of are not jurisdictional, but, if errors at all, relate merely to the exercise of jurisdiction and

therefore may not be inquired into in a *habeas corpus* proceeding. (*Ex parte Philbrook*, 47 Cal. App. 678 [191 Pac. 77] ; *In re Northcott, ante*, p. 281 [235 Pac. 458].)

For the reasons above stated the application for the writ is denied.

Tyler, P. J., concurred.