[No. B012000. Second Dist., Div. Five. Nov. 19, 1985.]

In re CHRISTOPHER S.,
a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
CHRISTOPHER S., Defendant and Appellant.

## COUNSEL

Patricia A. Gartner, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Ernest Martinez, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**FEINERMAN, P. J.**—Christopher S. appeals from an adjudication of the juvenile court, declaring him a ward of the court (Welf. & Inst. Code, § 602) and placing him in the custody of the California Youth Authority for a period not to exceed three years. The trial court's order was based upon a finding that the appellant had received stolen property (Pen. Code, § 496). Appellant was given 48 days credit for the time he was detained prior to adjudication.

Appellant contends that the court sentenced him on an offense with which he was not charged and which could not be considered a lesser included offense of the offense charged. Alternatively, appellant contends that even if receipt of stolen property could be deemed a lesser included offense of the theft-related burglary charged, there was insufficient evidence to support the court's finding.

## BACKGROUND

On December 24, 1984, Lee Burton Davidson (Davidson) was arrested and taken to county jail. When he returned home two weeks later, Davidson found several items missing from his house, including a portable floor safe, a Sharp 13-inch television set, two chain saws, a turntable, a cassette player, a clock radio, a telephone answering machine, a shotgun and at least two containers of pennies.

On December 25, 1984, appellant's mother saw appellant's brother, Gregory (Greg), open the back door of their home for Greg's friend David, who was carrying a Sharp 13-inch color T.V. Later that evening, Greg went to the home of a neighbor, Vernon Burt (Burt), to borrow a blowtorch. Around this same period of time, appellant and his brother borrowed other tools from Burt, including a drill, a hacksaw, and a sledgehammer.

Burt asked appellant, "What are you trying to do, are you trying to bust the safe open, or something" and appellant responded that he was. While standing near the fence which separated his own backyard from that of appellant's, Burt saw appellant and another boy breaking into a safe with Burt's sledgehammer.

Burt saw the boys remove some papers and two plastic glasses of pennies from the safe. Among the papers was a pink slip which Burt asked appellant to bring to him. On the pink slip were the name and address of Davidson, from whose home the safe had been stolen. The home in which appellant lived was about seven or eight houses away from that of Davidson's.

On December 27, 1984, Burt called the sheriff's station and reported that he had seen appellant breaking open a safe. Officers then went to appellant's home and found a turntable and two chain saws, a cassette recorder and the safe. Appellant and his brother were arrested by different officers that same day.

## DISCUSSION

■ Appellant contends that the juvenile court incorrectly found the offense of receiving stolen property (Pen. Code, § 496) to be a lesser in-

cluded offense of the alleged burglary (Pen. Code, § 459) and wrongfully sustained the Welfare and Institutions Code section 602 petition on the basis of this finding. We agree.

Penal Code section 1159 provides that "[t]he jury, or the judge if a jury trial is waived, may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense." Penal Code section 1159 applies to juvenile adjudications as well as to adult proceedings. (*In re Stanley E.* (1978) 81 Cal.App.3d 415, 419 [146 Cal.Rptr. 232].)

■ Due process requires that a minor, like an adult "have adequate notice of the charge so that he may intelligently prepare his defense." (*In re Arthur N.* (1976) 16 Cal.3d 226, 233 [127 Cal.Rptr. 641, 545 P.2d 1345].) Notice requirements are met when the trier of fact is "permitted to find an accused guilty of an offense necessarily included in that with which he is charged (*In re Hess* (1955) 45 Cal.2d 171, 174-175 . . .) or of a lesser offense which, although not necessarily included in the statutory definition of the offense, is expressly pleaded in the charging allegations. (*People* v. *Marshall* (1957) 48 Cal.2d 394, 403-405 . . . .)" (*In re Arthur N., supra,* 16 Cal.3d at p. 233.)

The 602 petition against appellant reads that "[o]n or about 12/27/84 . . . [appellant] did willfully and unlawfully enter the premises and building occupied by Lee Burton Davidson, with the intent to commit larceny and did in fact commit larceny of property of a value in excess of Four Hundred Dollars ($400.00), thereby violating section 459 of the Penal Code . . . ." The trial court found that the "prosecution has proved the burglary beyond a reasonable doubt as to [appellant's brother], and receiving stolen property as to [appellant]."

■ Respondent concedes that burglary, as defined by Penal Code section 459, does not necessarily include the offense of receiving stolen property as delineated in Penal Code section 496. However, respondent contends that it is not possible to commit burglary as it is pleaded in its petition without necessarily receiving stolen property. It is alleged that the petition expands upon Penal Code section 459 (which does not require that a larceny or other felony actually be committed) so as to make receiving stolen property under Penal Code section 496 a lesser included offense. We find no support for respondent's position.

It is well settled that receiving stolen property is not a lesser included offense of burglary in theft-related offenses. (*People* v. *Tyler* (1968) 258 Cal.App.2d 661, 667 [65 Cal.Rptr. 907]; *People* v. *Moore* (1963) 220

Cal.App.2d 737, 740 [34 Cal.Rptr. 38].) Although receiving stolen property may be a "lesser" offense, it is not "included" within the crime of burglary. (*People* v. *Moore, supra,* 220 Cal.App.2d at p. 740.)

It is equally well established that receiving stolen property is not necessarily included within a charge of larceny. (*In re Stanley* (1928) 90 Cal.App. 132, 134-136 [265 P. 561]; see *People* v. *Ward* (1895) 105 Cal. 652, 659-660 [39 P. 33]; *People* v. *Disperati* (1909) 11 Cal.App. 469, 481-482 [105 P. 617]; *People* v. *Hall* (1985) 168 Cal.App.3d 624, 626 [214 Cal.Rptr. 289].) Larceny and receiving stolen property are quite distinct, because the crime of receiving stolen property is aimed at the "fence," not the thief. (*People* v. *Tatum* (1962) 209 Cal.App.2d 179, 183-184 [25 Cal.Rptr. 832]; *People* v. *Jackson* (1978) 78 Cal.App.3d 533, 538-539 [144 Cal.Rptr. 199].) Thus, "[t]he actual thief cannot receive from himself the fruits of his larceny." (*People* v. *Taylor* (1935) 4 Cal.App.2d 214, 219 [40 P.2d 870].) Accordingly, *In re Stanley, supra,* 90 Cal.App. at pages 135-136 held that a defendant charged with grand theft could not be convicted of receiving stolen property as an included offense. To avoid problems of this sort, the prosecution can charge both crimes in alternate counts (*People* v. *Taylor, supra,* 4 Cal.App.2d at p. 219; *People* v. *Tatum, supra,* 209 Cal.App.2d at p. 184; *People* v. *Morales* (1968) 263 Cal.App.2d 211, 214 [69 Cal.Rptr. 553]), or amend the pleadings to conform to proof if the minor has not been misled in preparing his defense and will not be prejudiced thereby. (*In re Arthur N., supra,* 16 Cal.3d at p. 233.)

The Supreme Court has held that: "a person cannot be convicted of an offense (other than a necessarily included offense) not charged . . ., whether or not there was evidence at his trial to show that he had committed that offense." (*In re Hess, supra,* 45 Cal.2d at pp. 174-175; *In re Carlo S.* (1979) 94 Cal.App.3d 377, 380 [156 Cal.Rptr. 442].) The court, in this situation, "lacks 'jurisdiction' to so convict the accused. [Citations.]" (*In re Carlo S., supra,* 94 Cal.App.3d at p. 380.) We find such absence of jurisdiction in the case at bench. Accordingly, we need not reach the issue of whether sufficient evidence existed to find appellant guilty of the uncharged offense of receiving stolen property.

The judgment is reversed.

Ashby, J., and Hastings, J., concurred.