[No. B053412. Second Dist., Div. Six. May 7, 1992.]

THE PEOPLE, Plaintiff and Appellant, v.
DEANNA DAWN DRAKE, Defendant and Respondent.

## COUNSEL

Thomas W. Sneddon, Jr., District Attorney, and Gerald M. Franklin, Deputy District Attorney, for Plaintiff and Appellant.

Glen Mowrer, Public Defender, and C. Michael Ganschow, Deputy Public Defender, for Defendant and Respondent.

## OPINION

**YEGAN, J.**—The People appeal from an order granting a new trial to respondent Deanna Dawn Drake. Drake was convicted by jury of five felonies and two misdemeanors arising from a single incident: count I, second degree murder (Pen. Code, §§ 187, subd. (a), 189), count II, vehicular manslaughter while intoxicated (Pen. Code, § 191.5, subd. (a)), count III, driving under the influence (DUI) causing injury (Veh. Code, § 23153 subd. (a)), count IV, driving with a .10 blood alcohol causing injury (Veh. Code, § 23153 subd. (b)), count V, DUI with two prior convictions (Veh. Code, §§ 23152 subd. (a), 23170), count VI, driving with a .10 blood-alcohol level with two prior convictions (Veh. Code, §§ 23152 subd. (b), 23170) and count VII, hit and run with injury (Veh. Code, § 20001, subd. (2). Prior to trial, Drake plead guilty to count VIII, driving with a suspended license with a prior. (Veh. Code, § 14601.2 subd. (a).)

The trial court granted Drake's motion for a new trial on all seven counts even though the motion was primarily directed to counts I through IV. Each of these counts required proof that Drake caused the death of her passenger or injuries to the persons in the car she struck. The motion was granted on two grounds. First, the trial court found the evidence of defendant's causation insufficient. Second, it found the People failed to disclose an expert opinion that Drake's passenger caused the collision, his own death, and the consequent injuries to others. It classified the expert opinion as newly discovered evidence.

During the hearing on the motion the court stated: "Incidentally, just before we even get started, I just want to let you know, there's no such thing

that I'm aware of as a partial motion for new trial. You either have a new trial or you don't. The defendant was convicted of two counts of driving under the influence. At trial she didn't really try to claim she wasn't driving under the influence. There isn't any motion for new trial on those counts. [¶] She was also convicted of leaving the scene of an accident, in violation of the law, and that's a classic case of where the jury heard conflicting evidence and resolved the conflicts in favor of the People and against the defendant, and there's no grounds I can see for granting a new trial as to that count. [¶] But we don't—if we grant a new trial, you grant a whole new trial. You just don't grant part of a new trial."

 The People contend: "I. The trial court erred as a matter of law in granting a new trial on the ground of 'insufficiency of the evidence.' . . . [¶] II. The trial court abused its discretion in granting a new trial on the grounds of 'newly-discovered evidence' of a common place [*sic*] opinion among experts such as Dr. Hickman . . . . [¶] III. The trial court erred in granting defendant a new trial on counts 5, 6, and 7 . . . on the theory that . . . the court could not lawfully grant a 'partial' new trial. . . ." There is merit in the third contention but the court did not abuse its discretion in granting new trial on counts I through IV.

 There was no conflict in the evidence whether Drake was intoxicated or drove the car involved in the collision. The trial turned on whether she did some unlawful act or a lawful act in an unlawful manner which caused death to her passenger or injury to others. Seconds before the collision, someone applied the emergency brake. This caused the wheels to lock and the car to skid broadside into the oncoming lane and car.

The issue at trial was whether Drake or her decedent passenger activated the emergency brake. There was no direct evidence on this issue. The prosecution's theory was that Drake engaged the emergency brake or, if the decedent passenger did, it was in response to Drake's speeding, crossing the dividing line, making an unsafe turn or failing to drive on the right side of the roadway.

Following conviction, Roy Scott Hickman, an expert in accident reconstruction, a Ph.D. engineer who teaches at University of California at Santa Barbara, contacted Drake's trial lawyer. Hickman advised him that he had been contacted by the prosecution prior to trial but declined to testify because he believed, based on his review of the evidence, that the passenger had pulled the emergency brake thereby causing the collision and his own death. The opinion was based on his experience in accident reconstruction from which he concluded, following his review of the investigative reports

in the possession of the prosecution, that no driver with working brakes would have activated the emergency brake. He also opined there was no physical evidence of unlawful driving prior to the activation of the brake.

Doctor Hickman was not called as a witness at trial. At the hearing on the motion for new trial there was conflicting evidence whether his identity and opinion were disclosed to Drake's trial counsel. In support of the motion for new trial, Drake's trial counsel declared that the district attorney's investigator ". . . said that he had contacted a UCSB professor, but that he had declined to become involved because he disliked working on criminal cases. [¶] . . . . . . . . The plain meaning of his statement to me that the 'UCSB professor' declined to become involved in the case was that the expert had not rendered any discoverable opinions or conclusions . . . . The suppression of such information must surely be seen as likely having affected the outcome of this murder prosecution."

The trial court resolved the evidentiary conflict in favor of respondent. ■■■■ The trial court's factual findings, express or implied, made on a motion for new trial will be upheld if supported by substantial evidence. (*People v. Taylor* (1984) 162 Cal.App.3d 720, 724 [208 Cal.Rptr. 708].)

Penal Code section 1181 enumerates nine grounds for a new trial. Subdivision 6 permits a new trial if the verdict is contrary to the evidence and subdivision 8 if there is newly discovered evidence. "It is true the section expressly limits the grant of a new trial to only the listed grounds, and [withholding the identity of a favorable defense witness] is not among them. Nevertheless, the statute should not be read to limit the constitutional duty of the trial courts to ensure that defendants be accorded due process of law. . . . The Legislature has no power, of course, to limit this constitutional obligation by statute. [Citation.]" (*People v. Fosselman* (1983) 33 Cal.3d 572, 582 [189 Cal.Rptr. 855, 659 P.2d 1144].)

■■■ The trial court stated: "Here, since the defendant's attorney was not told about [Hickman's opinion] and I think it's extremely significant evidence and could very well affect the outcome of the trial, it would, in my mind, what we have is fundamentally—the defendant didn't get a fair trial on the merits because of evidence that could have been available wasn't provided. . . . [¶] I find it's not a lack of diligence, and I think it's very likely that a different result would occur."

Whether Doctor Hickman's testimony is "new evidence," the trial court determined respondent did not receive a fair trial. ■■■ The grant of a new trial is a discretionary decision and will not be set aside unless a

manifest and unmistakable abuse of discretion clearly appears. (*People* v. *Cox* (1991) 53 Cal.3d 618, 694 [280 Cal.Rptr. 692, 809 P.2d 351].)

■ Whether a motion for new trial is to be granted " '. . . should be determined by [the trial] court with a full realization of the responsibility involved, and the motion should undoubtedly be granted where the showing is such as to make it apparent to the trial court that the defendant has, without fault on his part, not had a fair trial on the merits, and that by reason of the newly discovered evidence the result would probably be, or should be, different on a retrial.' [Citations.] Distrust or disfavor of the motion does not mean 'that when the trial court has exercised its discretion and granted a new trial that such action is looked upon with either distrust or disfavor. In fact, it has been said that one of the most prolific causes of miscarriages of justice is the reluctance of trial judges to exercise the discretion with which they are clothed to grant a new trial when the circumstances show that justice would be thereby served. . . . It is recognized that despite the exercise of diligent effort, cases will sometimes occur where, after trial, new evidence most material to the issues and which would probably have produced a different result is discovered. It is for such cases that the remedy of a motion for a new trial on the ground of newly discovered evidence has been given.' [Citations.]" (*People* v. *Love* (1959) 51 Cal.2d 751, 757-758 [336 P.2d 169]; see also *People* v. *Martinez* (1984) 36 Cal.3d 816, 821 [205 Cal.Rptr. 852, 685 P.2d 1203].)

■ "By case law it is established that the standard of review by a trial court acting under this section is different from the standard used by an appellate court under the same section. In ruling upon a motion for a new trial, the trial court is required to independently weigh the evidence, but an appellate court will not modify or set aside the verdict if there is any substantial evidence to support it. [Citations.]" (*People* v. *Serrato* (1973) 9 Cal.3d 753, 761 [109 Cal.Rptr. 65, 512 P.2d 289].) ■ "If the trial court, after hearing the motion under section 1181, grants a new trial upon the ground that the verdict is contrary to the evidence, the decision is not an acquittal and is not a bar to a retrial for the offense of which the defendant has been convicted. This is true even though the decision may imply that the trial court has reweighed the evidence and has found that it does not establish the defendant's guilt of any offense." (*Id.* at p. 761; see also *People* v. *Trevino* (1985) 39 Cal.3d 667, 694 [217 Cal.Rptr. 652, 704 P.2d 719].)

■ The trial court's decision encompasses 17 pages of reporter's transcript. The judge stated why he found the prosecution's evidence on causation unpersuasive. It is for this reason he found the expert opinion of Doctor Hickman likely would have affected the outcome of the trial had he testified.

The prosecution has failed to show a manifest and unmistakable abuse of discretion in granting a new trial on counts I through IV.

■ The court did, however, err in granting a new trial on counts V through VII. The court stated it had no doubts about the jury verdicts on counts V through VII, but felt it had no discretion to grant a "partial" new trial.

A trial court's power to grant a new trial on some but not all counts consolidated for trial has not been expressly resolved in California. Penal Code section 1180, in pertinent part, provides that "[t]he granting of a new trial places the parties in the same position as if no trial had been had. All the testimony must be produced anew. . . ." We have no quarrel with this salutory rule. However, it simply does not speak to the issue of a partial new trial.

In *In re Kinney* (1925) 71 Cal.App. 490, the court held there was no merit to the contention that the grant of a new trial on seven counts of receiving stolen property also required a retrial of seven counts of burglary. "[It] did not operate to set aside the convictions on the charges of burglary, because the charges were embodied in independent counts upon which separate verdicts were rendered, and consequently constituted distinct judgments of conviction. [Citation]." (*Id.* at p. 491.) "[E]ach count in an accusatory pleading which charges a separate and distinct offense must stand on its own merit and the disposition of one count has no effect or bearing on the other counts in the accusation. [Citations.]" (*People* v. *Ham* (1970) 7 Cal.App.3d 768, 776 [86 Cal.Rptr. 906].)

We hold that a trial court has the power to grant a new trial as to some but not all of the counts charged in an accusatory pleading. A simple hypothetical illustrates the logic and practical wisdom of this rule. A defendant is charged with two robberies occurring at separate locations and times. As to the second robbery, which is videotaped, appellant is arrested and confesses. However, as to the first robbery, he adamantly denies any involvement. The counts are joined in an information. At trial, defendant judicially confesses to robbery number two but denies robbery number one. He is convicted by jury of both counts and brings a motion for new trial only as to count I. He does not want a new trial as to count II, and the trial court believes a new trial is only appropriate on count I. A trial court should not be forced to give a defendant more than he wants or that justice and common sense requires. In this hypothetical, a trial court has discretion to grant a new trial as to count I only.

The judgment (order granting new trial) on counts V through VII is reversed and the court is ordered to reinstate the verdicts. In all other respects the order granting new trial is affirmed.

Stone (S. J.), P. J., and Gilbert, J., concurred.

A petition for a rehearing was denied May 29, 1992.