1 F.3d 1247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Frank G. SMITH, Jr., Petitioner-Appellant,
v.
Robert G. BORG, warden Respondent-Appellee.
 No. 91-15948.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 16, 1993.*
Decided July 29, 1993.
 
 Before WALLACE, Chief Judge, and D.W. NELSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner Frank S. Smith is a state prisoner. He has been granted in forma pauperis status and proceeds pro se in his appeal of the district court's denial of his petition for habeas corpus relief. We review the district court's decision de novo. Carter v. McCarthy, 806 F.2d 1373, 1375 (9th Cir.1986), cert. denied, 484 U.S. 870 (1987). We affirm.
 
 
 3
 Following a jury trial, Smith was convicted in state court of robbery, burglary, assault with a deadly weapon, and the infliction of great bodily injury. The primary issue at trial was whether Smith was the person who had committed the crimes. In order to establish Smith's identity, the government introduced scientific analysis of blood stains found on Smith's clothing at the time of his arrest and which had been compared both to Smith's and the victim's blood.
 
 
 4
 Smith alleges that the trial court erred by not conducting a hearing before admitting the blood typing evidence pursuant to People v. Kelly, 130 Cal.Rptr. 144, 147 (Cal.1976) and Frye v. United States, 293 F. 1013, 1014 (D.C.Cir.1923).
 
 
 5
 Under the Kelly/Frye rule, the advocate of a new scientific method must establish that the reliability of the method is generally accepted, that the expert witness is qualified, and that the correct scientific procedures were used in the particular case. See People v. Brown, 230 Cal.Rptr. 834, 841 (Cal.1985). We observe that since this case arises on state habeas, the Supreme Court's decision in Daubert v. Merrell Dow Pharmaceuticals Inc., 61 U.S.L.W. 4805 (U.S. June 28, 1993), which overruled Frye for purposes of testing the admission of scientific evidence in federal trials, is not relevant here. Questions of the admissibility of evidence are matters of state law unless the ruling violates federal due process. See Engle v. Isac, 456 U.S. 107, 119 (1982).
 
 
 6
 The district court admitted the blood-typing evidence by taking judicial notice of three Kelly/Frye hearings which had considered the admissibility of similar methods of electrophoretic testing of blood stains. The trial court denied Smith a Kelly/Frye hearing on the ground that he was unable to establish "even by scintilla of evidence, through proffered offer of proof, that there would be any new scientific data or any new criteria that would challenge the credibility, the wisdom, [or] propriety" of the findings of the prior Kelly/Frye hearings. In its denial of Smith's state habeas petition, the California appellate court noted that the appellate courts have now approved the evidentiary use of electrophoretic multisystem testing of dried blood stains. We conclude that the trial court did not violate Smith's right to due process by denying him a Kelly/Frye hearing.
 
 
 7
 Second, Smith contends that the district court's refusal to grant his request for a hearing violated his Sixth Amendment right of cross-examination. The trial court gave Smith the opportunity to make an offer of proof that an evidentiary hearing was necessary. Smith made no such offering.[1] Moreover, the harmless error standard applies to violations of the confrontation clause. See Delaware v. Van Arsdall, 475 U.S. 673, 681-84 (1986). Here, the scientific evidence was not central to the government's case. Given the extent of the evidence against Smith, we conclude that any possible error would have been harmless beyond a reasonable doubt.
 
 
 8
 Third, Smith contends the trial court violated due process by admitting expert testimony concerning the statistical significance of the blood-typing tests. Evidence of statistical blood groups does not violate due process unless the evidence presented is so defective or flawed, or the practice itself so inherently unreliable, as to make the trial fundamentally unfair. See Lisenba v. California, 314 U.S. 219, 236 (1941). We review the state court's evidentiary ruling concerning the reliability of the statistical evidence for abuse of discretion. Dres v. Campoy, 784 F.2d 996 (9th Cir.1986).
 
 
 9
 Although there is some disagreement, California courts have generally recognized that statistical evidence of blood groups in populations is admissible. E.g. People v. Yorba, 257 Cal.Rptr. 641 (Cal.Ct.App.1987). Disputes about the reliability of such evidence go to its weight rather than to its admissibility. E.g. People v. Axell, 1 Cal.Rptr.2d 411 (Cal.Ct.App.1992). This court, "as a federal tribunal, is loathe to interfere in the state law's development." Redman v. Thieret, 666 F.Supp. 148, 152 (C.D.Ill.1987). California case law indicates that statistical evidence is not so defective as to violate due process. In addition, Smith was given an opportunity to cast doubt upon the weight that should be given to this evidence. Smith was given an opportunity to cross-examine both the criminologist who performed the tests and the director of the Alameda Crime Laboratory as to the accuracy of the blood tests and the testing system used. Moreover, given the extent of the other incriminating evidence against Smith, any possible error would have been harmless beyond a reasonable doubt. See Van Arsdall, 475 U.S. at 680.
 
 
 10
 Fourth, Smith contends that the trial court's alleged refusal to instruct the jury on the lesser included offense of receiving stolen property violated his right to due process. Smith is correct that the initial question is whether California, not federal, law requires a lesser included offense instruction. It does not. California case law holds that the offense of receiving stolen property is not a lesser included offense of burglary, In re Christopher S., 174 Cal.App.3d 620, 623-24 (1985), or robbery, People v. Mora, 139 Cal.App.2d 266, 274 (1956). In addition, the trial court's refusal to include Smith's offered instruction did not violate his due process right to adequate instruction on his theory of defense.
 
 
 11
 In the instant case, instead of giving Smith's proposed instruction, the trial court used California Jury Instructions, Criminal No. 2.15 ("CALJIC"). This instruction informed the jury that "conscious possession of recently stolen property is not of itself sufficient to permit an inference that the defendant is guilty of the crime of robbery or burglary." This instruction encompassed Smith's defense that he had only received stolen property and had not committed any other crime. See United States v. Kenny, 645 F.2d 1323, 1337 (9th Cir.), cert. denied, 452 U.S. 920 (1981). This instruction gave the jury latitude to find Smith not guilty of the charge of burglary or robbery if there was no "corroborating evidence," beyond the mere fact of possession of the property.
 
 
 12
 Fifth, Smith argues that CALJIC No. 2.15 is constitutionally deficient because it permits the jury to draw impermissible inferences and because it shifts the burden of proof from the government to the defense. Jury instructions that shift the burden from the government to the defense violate a defendant's due process rights. See Carella v. California, 491 U.S. 263, 265 (1989). An instruction is constitutionally sound, however, if it creates a permissive inference that allows, but does not require, the jury to infer an elemental fact from proof by the government of another fact. See Ulster County Court v. Allen, 442 U.S. 140, 157 (1979).
 
 
 13
 Although the instruction does not expressly state that it contains only a permissive inference, we, like the district court, do not find it ambiguous in that respect. The first sentence of the instruction states that "conscience possession of ... stolen property is not itself sufficient to permit an inference that the defendant is guilty of the crime of robbery or burglary." This sentence makes it clear that the requisite corroborating evidence creates a permissive inference rather than a mandatory presumption. Therefore, the instruction neither reduces the burden on the prosecution nor violates due process.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In addition, Smith was allowed to cross-examine the government's experts, and he succeeded in undermining the reliability of the blood-type test to some degree