[No. S032503. Dec. 12, 1994.]

THE PEOPLE, Plaintiff and Appellant, v.
FRANK JOE LAGUNAS, Defendant and Respondent.

## COUNSEL

Ira Reiner and Gil Garcetti, District Attorneys, Maurice H. Oppenheim, Harry B. Sondheim, Natasha Cooper and Patrick D. Moran, Deputy District Attorneys, for Plaintiff and Appellant.

Wilbur F. Littlefield, Public Defender, Albert J. Menaster, Robert Fefferman and Alex Ricciardulli, Deputy Public Defenders, for Defendant and Respondent.

Gary M. Mandinach as Amicus Curiae on behalf of Defendant and Respondent.

## OPINION

**KENNARD, J.**—By statute, a trial court may grant a new trial "[w]hen the verdict or finding is contrary to law or evidence"; if, however, the evidence shows that the defendant is guilty only of a lesser offense necessarily *included* in the crime charged, the court may modify the verdict or judgment accordingly. (Pen. Code, § 1181, subd. 6.)[1] Here, the Court of Appeal held that, even though not authorized by statute, a trial court also has the power to modify a verdict to a lesser *related* offense based on principles of due process. We disagree.

---

[1] Further undesignated references are to the Penal Code.

I

In a prosecution for residential burglary (§§ 459, 460, subd. (a)),[2] the People offered evidence of these facts: When on March 31, 1991, in the early morning, Philip Soo returned from a half-hour errand to his home in the San Fernando Valley area of Los Angeles, he found his front door open and two videocassette recorders, three cameras, and several other personal items missing. Pry marks on a window in the residence indicated it had been forced open with a screwdriver or similar object. A few minutes after Soo's return home, he learned that the police had encountered defendant near an apartment house dumpster 140 feet from the burglarized home. In some bushes by defendant, the police found a large bag containing two videocassette recorders, three cameras, and several other small household objects, including a camera bag with a tag bearing Soo's name and address. Soo identified each of the items in the large bag as belonging to him. Defendant at first denied any knowledge of the bag and its contents, but later he recanted, saying he had found the bag in the bushes and had rummaged through it. A search of defendant's pockets yielded a 12-inch screwdriver and a short cable commonly used to connect audio or video components.

The trial court instructed the jury on the elements of the charged offense of burglary of a residence (§§ 459, 460, subd. (a)), as well as the lesser offense of theft by appropriation of lost property (§ 485). The court did not instruct on the crime of receiving stolen property. (Former § 496, subd. 1.)[3] The jury found defendant guilty of residential burglary, as charged.

Defendant moved for a new trial. (§ 1181.) He argued that the jury's verdict was contrary to the evidence, and that the trial court therefore should either grant a new trial or modify the verdict to the "lesser related" offense of receiving stolen property. Although the People had, by both direct and circumstantial evidence, established every element of first degree residential burglary (the crime charged), and had raised a strong inference that defendant committed the crime, the trial court was not convinced that the evidence justified the verdict. Citing section 1181, subdivision 6, which permits modification of a verdict in lieu of granting a new trial, the trial court ordered the jury's verdict modified to reflect a conviction for the lesser offense of receiving stolen property, for which the court sentenced defendant to one year in county jail.

The People appealed. (§ 1238, subd. (a)(6).) A divided Court of Appeal affirmed the judgment. The majority acknowledged that the trial court's

[2]Burglary of an inhabited dwelling is burglary of the first degree. All other burglaries are of the second degree. (§ 460, subds. (a), (b).)

[3]This offense now appears in section 496, subdivision (a).

modification of the first degree burglary verdict to the lesser related offense of receiving stolen property was beyond the scope of section 1181, subdivision 6. That provision authorizes a court to modify a verdict convicting a defendant of a particular crime, but only to "a lesser degree" of that crime or to "a lesser crime *included* therein." (Italics added.) The majority concluded, however, that considerations of due process justify modifying a verdict to a lesser *related* offense when the defendant so requests and "the evidence shows the defendant to be not guilty of the crime of which he was convicted, but guilty of the lesser related crime." We granted the People's petition for review.

## II

Section 1181 enumerates the grounds on which a trial court may grant a new trial. In addition, it authorizes modification of a verdict in limited circumstances: "[I]f the evidence shows the defendant to be not guilty of the degree of the crime of which he was convicted, but guilty of a lesser degree thereof, or *of a lesser crime included therein*, the court may modify the verdict, finding or judgment accordingly without granting or ordering a new trial . . . ." (§ 1181, subd. 6, italics added.) In this case, the trial court's modification of the jury's verdict to reflect a *lesser related* offense was beyond the scope of section 1181.

The legal principles underlying the difference between lesser included and lesser related offenses are well settled. To qualify as a lesser offense that is necessarily included in another offense, " 'all the legal ingredients of the corpus delicti of the lesser offense must be included in the elements of the greater offense.' " (*People* v. *Anderson* (1975) 15 Cal.3d 806, 809-810 [126 Cal.Rptr. 235, 543 P.2d 603], quoting *People* v. *Francis* (1969) 71 Cal.2d 66, 73 [75 Cal.Rptr. 199, 450 P.2d 591].) Stated another way, when a crime cannot be committed without also committing another offense, the latter is necessarily included within the former. (*People* v. *Anderson, supra,* 15 Cal.3d at p. 809; *In re Hess* (1955) 45 Cal.2d 171, 174 [288 P.2d 5].) An offense is also included within a charged offense " 'if the charging allegations of the accusatory pleading include language describing the offense in such a way that if committed as specified the lesser offense is necessarily committed.' " (*People* v. *Toro* (1989) 47 Cal.3d 966, 972 [254 Cal.Rptr. 811, 766 P.2d 577], quoting *People* v. *Geiger* (1984) 35 Cal.3d 510, 517, fn. 4 [199 Cal.Rptr. 45, 674 P.2d 1303, 50 A.L.R.4th 1055].)

Even if a crime does not qualify as a lesser included offense because all of its elements are not subsumed within the elements of the charged crime or within the charging allegations, it may nonetheless be a lesser related offense

of the charged crime. When an offense "is closely related to that charged and the evidence provides a basis for finding the defendant guilty of the lesser but innocent of the charged offense," the offense is deemed to be "lesser related" and, upon a defendant's request, a trial court must instruct the jury on the lesser related offense. (*People* v. *Toro, supra,* 47 Cal.3d at p. 974.)

Here, the jury's verdict convicting defendant of residential burglary was modified by the trial court to the lesser crime of receiving stolen property,[4] which is committed when a person, "knowing the property to be . . . stolen" buys or receives that property. (§ 496, subd. (a).) It is settled law that receiving stolen property is not a lesser offense that is necessarily included in the crime of burglary. (*In re Christopher S.* (1985) 174 Cal.App.3d 620, 623-624 [220 Cal.Rptr. 214].) Under the evidence presented here, receiving stolen property is a lesser related offense of the charged crime of residential burglary, as we shall explain.

The evidence presented on the charge of residential burglary indicated a theft of electronic components and cameras. These items were in the possession of defendant, who claimed to have found them in a bag hidden in some bushes near the burglarized home. This evidence would have provided some basis for the jury to conclude that defendant had received the property knowing it to be stolen and thus was guilty of the lesser offense of receiving stolen property. (§ 496, subd. (a); see *In re Christopher S., supra,* 174 Cal.App.3d at p. 624.) Therefore, based on our decisions in *People* v. *Toro, supra,* 47 Cal.3d 966, 974, and in *People* v. *Geiger, supra,* 35 Cal.3d 510, 526, defendant was entitled, upon request, to have the jury instructed on the lesser related offense of receiving stolen property. But defendant did not request such an instruction. It was only after the jury had returned a verdict convicting defendant of residential burglary that defendant asked the trial court to modify the verdict to the lesser related crime of receiving stolen property. The trial court granted the modification request, and the Court of Appeal upheld the ruling. The appellate court concluded that irrespective of any specific statutory authority, principles of due process vest a trial court with the power "to modify a verdict to a lesser related offense, upon a defense request for such consideration, if the evidence shows the defendant to be not guilty of the crime of which he was convicted, but guilty of the lesser related crime." It based its conclusion on two decisions by this court, *People* v. *Fosselman* (1983) 33 Cal.3d 572 [189 Cal.Rptr. 855, 659 P.2d 1144] and *People* v. *Geiger, supra,* 35 Cal.3d 510.

---

[4]The crime of receiving stolen property is punishable by imprisonment in the county jail for up to one year, or in the state prison for sixteen months, two years, or three years. (§§ 18, 496.) Residential burglary, by contrast, carries a prison sentence of two, four, or six years. (§ 461.)

In *Fosselman,* the defendant moved for a new trial on the ground of ineffective assistance of counsel. The trial court voiced concern with the adequacy of defense counsel's representation, but concluded it had no authority under section 1181 to order a new trial on that basis. We held that, in appropriate instances, trial judges do have the power to grant a new trial based on ineffective assistance of counsel. We explained: "Penal Code section 1181 enumerates nine grounds for ordering a new trial. It is true the section expressly limits the grant of a new trial to only the listed grounds, and ineffective assistance is not among them. Nevertheless, the statute should not be read to limit the constitutional duty of trial courts to ensure that defendants be accorded due process of law." (*People v. Fosselman, supra,* 33 Cal.3d at p. 582.) From this language in *Fosselman* the Court of Appeal in this case inferred that if principles of due process can override section 1181's specific limitations as to the grounds that would warrant granting a new trial, those principles can also override the statute's specified limitations pertaining to verdict modification.

In concluding that due process requires a court considering a motion for a new trial based on insufficiency of evidence to have the nonstatutory option of modifying the jury's verdict to a lesser related offense, the Court of Appeal relied on our decision in *People v. Geiger, supra,* 35 Cal.3d 510. That reliance was misplaced.

In *Geiger,* the defendant was charged with burglary of a restaurant. The prosecution's evidence did not show that anything was missing from the restaurant, although its window had been broken. When the police arrested the defendant, he was hiding behind a dumpster in the alley behind the restaurant, and he had blood on his hand. At trial, the defendant admitted breaking the window, but he denied he had the intent to steal anything from the restaurant. Because burglary is defined as illegal entry with the intent to commit theft or any felony, the defendant argued he was guilty not of burglary, but only of the lesser related offense of vandalism (§ 594).[5] He then asked the trial court to instruct the jury on vandalism. The court refused to do so, on the ground that vandalism was not a necessarily included offense of burglary. The jury later found the defendant guilty of burglary, as charged. We reversed the judgment. (*People v. Geiger, supra,* 35 Cal.3d at pp. 514-517.)

We held in *Geiger* that when an offense is closely related to that charged, there is evidence of its commission, and defendant's theory of defense supports a finding of guilt on the related offense, principles of due process

---

[5] Vandalism is committed when a person maliciously defaces, damages, or destroys "real or personal property not his or her own." (§ 594.)

embodied in article I, section 15 of our state Constitution require that a trial court instruct on such an offense when the defense so requests. (*People* v. *Geiger, supra,* 35 Cal.3d at pp. 519, 530-532.) We observed that the right to instructions on lesser *included* offenses as an incident of due process was well established, and was founded in the defendant's " 'constitutional right to have the jury determine every material issue presented by the evidence.' " (*Id.* at p. 519, quoting *People* v. *Modesto* (1963) 59 Cal.2d 722, 730 [31 Cal.Rptr. 225, 382 P.2d 33].)

Looking to our decision in *Geiger*, the Court of Appeal in this case concluded that "the right to modify a verdict to a lesser related offense on a motion for new trial would be just as much an aspect of 'fundamental fairness' required by due process, as the right to a verdict or finding of a lesser related offense in a nonjury trial." In urging us to adopt that view, defendant cites our statement in *People* v. *Geiger, supra,* 35 Cal.3d at page 520, that to force a jury into an "all or nothing" choice of convicting or acquitting the defendant of the charged offense, when the evidence shows guilt only of some lesser offense, creates an unacceptable risk that the jury will find the defendant guilty of the charged offense, thereby undermining the reliability of the fact-finding process. Defendant contends that a nearly identical risk exists when a trial court, in ruling on a section 1181 motion for a new trial, determines that the evidence does not support the jury's verdict or conviction on a lesser included or lesser degree of the offense, but the evidence shows the defendant guilty of some lesser related offense. According to defendant, when put to the choice of denying a motion for a new trial and thereby validating a conviction on a crime not proven, or granting the motion and thus subjecting the prosecution to a possible acquittal on retrial, a trial court might be tempted to overlook deficiencies in the evidence and deny the motion. We are not persuaded. As we shall explain, a trial court faced with a motion for a new trial is not presented with an "all or nothing" choice, such as that confronting the jury in *Geiger*.

As mentioned earlier, in *Geiger* we reversed the defendant's conviction for burglary because the trial court had refused the defendant's request that, based on the evidence presented, the jury be instructed on vandalism, an offense lesser than but related to the charged offense of burglary. We explained: "[A] procedure which affords the trier of fact no option other than conviction or acquittal when the evidence shows that the defendant is guilty of some crime but not necessarily the one charged, increases the risk that the defendant may be convicted notwithstanding the obligation to acquit if guilt is not proven beyond a reasonable doubt. The pressures which create that risk thus affect the reliability of the fact finding process and thereby undermine the reasonable doubt standard." (*People* v. *Geiger, supra,* 35

Cal.3d at p. 520.) The requisite reliability, we concluded in *Geiger*, could be assured when the evidence presented at trial would support a jury finding of guilt on a lesser offense related to the one charged if, upon a request by the defense, the trial court instructs the jury on that lesser related offense. (*Ibid.*)

Unlike a jury that, before rendering its verdict, may be faced with an "all or nothing" choice of conviction or acquittal, a trial court that, after the jury's verdict, is ruling on a defendant's motion for a new trial asserting that the verdict is contrary to the evidence need not choose between these two extreme alternatives. When, after a jury verdict, a trial court rules on a new trial motion, it independently assesses the evidence supporting the verdict. (*People* v. *Veitch* (1982) 128 Cal.App.3d 460, 467-468 [180 Cal.Rptr. 412]; *People* v. *Drake* (1992) 6 Cal.App.4th 92, 98 [7 Cal.Rptr.2d 790], see also *People* v. *Serrato* (1973) 9 Cal.3d 753, 761 [109 Cal.Rptr. 65, 512 P.2d 289].)  ■  If the trial court is not convinced that the evidence presented at trial warrants the jury's verdict finding the defendant guilty of the offense charged, but the court concludes that the evidence would have justified conviction of a lesser related offense, it has statutory authority to order a new trial. (§ 1181, subd. 6.) Such an order "places the parties in the same position as if no trial had been had" (§ 1180), thus giving the People the option to retry the case. (See *People* v. *Veitch, supra,* 128 Cal.App.3d at pp. 466-468 [grant of new trial for insufficiency of evidence is "not an acquittal"].)[6] At that new trial, the People may be able to cure the deficiencies in their evidence, or they may amend the complaint to seek conviction on a lesser offense related to the one originally charged.

---

[6]In considering a motion for a new trial made on the ground of insufficiency of the evidence to support the verdict, the trial court independently weighs the evidence, in effect acting as a "13th juror." If the trial court, sitting as a "13th juror," would have decided the case differently from the other 12 jurors and grants the motion for a new trial, there is no double jeopardy bar to retrial. (*People* v. *Veitch, supra,* 128 Cal.App.3d at pp. 467-468.) Double jeopardy does bar retrial, however, when a court, using the "substantial evidence" test, determines as a matter of law that the prosecution failed to prove its case. (*Hudson* v. *Louisiana* (1981) 450 U.S. 40, 44 [67 L.Ed.2d 30, 34, 101 S.Ct. 970]; *People* v. *Trevino* (1985) 39 Cal.3d 667, 694-695 [217 Cal.Rptr. 652, 704 P.2d 719].) To determine whether substantial evidence supports a verdict, the court reviews "the whole record in the light most favorable to the judgment" and decides "whether it discloses substantial evidence . . . such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People* v. *Johnson* (1980) 26 Cal.3d 557, 578 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].) In deciding whether substantial evidence supports a verdict, a court does not " 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.' [Citation.] Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (*Jackson* v. *Virginia* (1979) 443 U.S. 307, 318-319 [61 L.Ed.2d 560, 573, 99 S.Ct. 2781] original italics.) The "substantial evidence" test is used by appellate courts in deciding whether evidence is legally sufficient to

Thus, when ruling on a motion for a new trial asserting insufficiency of evidence, the court does not have to choose between acquittal and conviction, which was the "all or nothing" dilemma that confronted the jury in *People* v. *Geiger*, *supra*, 35 Cal.3d 510, when the trial court denied it an opportunity to consider the defendant's guilt of a lesser related offense that was supported by the evidence. In *Geiger*, the trial court's denial of the defense request to instruct the jury on the lesser related offense, which forced the jury into an "all or nothing" choice, deprived the defendant of the " 'constitutional right to have the jury determine every material issue presented by the evidence,' " thereby adversely affecting the reliability of the fact-finding process, in violation of the defendant's state constitutional right to due process. (*Id.* at pp. 520, 519.) ▮▮ As we have explained, a trial court that evaluates the evidence supporting a jury's verdict when deciding whether to grant a new trial or to modify a verdict is not put to an "all or nothing" choice as the jury was in *Geiger*. Therefore, the due process concern articulated in *Geiger* is simply not present in the context of a section 1181 motion. Thus, it follows that a defendant's right to due process is not implicated by the limitation in subdivision 6 of section 1181 that a modification of the verdict be allowed only when the evidence shows that the defendant is guilty of a lesser offense necessarily included in, as opposed to merely related to, the offense charged.[7]

Accordingly, a trial court considering a section 1181 motion to modify a verdict on the ground that it is contrary to the evidence is limited to the three options specified in the statute: (1) It can set aside the verdict of conviction and grant the defendant a new trial; (2) it can deny the motion and enter judgment on the verdict reached by the jury; or (3) it can modify the verdict either to a lesser degree of the crime reflected in the jury verdict or to a lesser *included* offense of that crime as specified by subdivision 6.

---

sustain a verdict, and by trial courts when ruling on a section 1118.1 motion for judgment of acquittal. (See *People* v. *Trevino*, *supra*, 39 Cal.3d 667, 694-695.)

In the course of oral argument in this case, defendant contended that the trial court's ruling on his motion for a new trial was more in the nature of a determination that the evidence was legally insufficient to support the verdict. Defendant thus would have us hold that retrial of his case is barred by double jeopardy. We decline to do so. Our review of the record of the trial court's ruling on defendant's motion for a new trial finds no support for defendant's contention. The trial court did not use the "substantial evidence" standard; rather, it assessed the prosecution's evidence linking defendant to the forced entry of the residence, and found it not "entitled to very much weight."

[7]We decline to address defendant's additional contention that the People's right to due process, added to the California Constitution in 1990 (art. I, § 29), provides a separate basis for us to adopt the view of the Court of Appeal. We are unaware of any authority permitting defendant to assert the People's constitutional rights, particularly when, as here, the People object to his doing so.

## Conclusion

The trial court here exceeded the statutory authority of section 1181 when it modified the jury's residential burglary verdict to the lesser related offense of receiving stolen property. In upholding that ruling, the Court of Appeal erred.

We therefore reverse the judgment of the Court of Appeal, with directions to remand this matter to the trial court for reconsideration of defendant's motion for a new trial.

Lucas, C. J., Mosk, J., Arabian, J., Baxter, J., George, J., and Werdegar, J., concurred.