Filed 4/30/13  Opinion following rehearing

**CERTIFIED FOR PUBLICATION**


**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**


| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E052297 |
| v. | (Super.Ct.No. FSB905099) |
| RICHARD JAMES GOOLSBY, | OPINION |
| Defendant and Appellant. | |


APPEAL from the Superior Court of San Bernardino County.  Bryan Foster, Judge.  Reversed and remanded with directions to dismiss.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Felicity Senoski, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found Richard James Goolsby, defendant and appellant (hereafter defendant), guilty of arson of an inhabited structure in violation of Penal Code section 451, subdivision (b),[1] and further found true the allegation that he caused more than one structure to burn within the meaning of section 451.1, subdivision (a)(4), based on evidence that defendant set a fire that caused two motor homes to burn.[2] Because the felony conviction constituted defendant's third strike, the trial court sentenced him to the mandatory term of 25 years to life in state prison, and also imposed various enhancements after first finding those allegations true.

Defendant raises various challenges to the jury's verdict and to his sentence. We agree with his assertion that his motor home is not a structure.[3] Therefore, the evidence that defendant set fire to his motor home does not support the jury's verdict finding defendant guilty of committing arson of an inhabited structure, and also does not support the jury's true finding on the multiple structure enhancement. Moreover, arson of property (§ 451, subd. (d)), the only other crime on which the trial court instructed the jury, is not a lesser included offense to the charged crime. Therefore, we cannot exercise our authority under section 1181, subdivision 6, to modify the judgment by reducing defendant's conviction to a lesser included crime. Our only option, under the

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

[2] The jury found him not guilty of attempted murder.

[3] For purposes of arson, "'Structure' means any building, or commercial or public tent, bridge, tunnel, or powerplant." (§ 450, subd. (a).)

circumstances of this case, is to reverse the judgment based on insufficiency of the evidence and direct the trial court to dismiss the charge.

## FACTS

The facts are undisputed, and only a few are necessary for our resolution of the issues defendant raises on appeal. Defendant and Kathleen Burley lived together in what was one of several motor homes defendant owned and had parked on a vacant lot. On November 28, 2009, defendant and Burley got into an argument. Sometime not long after the argument, in which defendant and Burley each called the police on the other, defendant used a vehicle to push an inoperable motor home next to the one in which he and Burley were living and where Burley then was sleeping. Defendant used gasoline to set the inoperable motor home on fire. After Burley got out with her dogs, the fire spread to the motor home in which she had been sleeping. The fire destroyed both motor homes.

Additional facts will be recounted below as pertinent to the issues defendant raises on appeal.

## DISCUSSION

### 1.

**THE EVIDENCE IS INSUFFICIENT TO SUPPORT THE JURY'S VERDICT FINDING DEFENDANT GUILTY OF ARSON OF AN INHABITED STRUCTURE**

Defendant contends, and we agree, that the evidence was insufficient to show that the motor home in which he and Burley were then living was a structure. Therefore, the

3

evidence that he set fire to or caused that motor home to burn does not support the jury's verdict finding him guilty of arson of an inhabited structure in violation of section 451.

## Inhabited Structure

Under section 451, "A person is guilty of arson when he or she willfully and maliciously sets fire to or burns or causes to be burned . . . any structure, forest land, or property." Section 451 sets out "different levels of punishment, depending on the subject matter of the arson. [Citation.] These statutory categories, in descending level of punishment, are: (1) arson resulting in great bodily injury (five, seven, or nine years); (2) arson to [*sic*] 'an inhabited structure or inhabited property' (three, five, or eight years); (3) arson of a 'structure or forest land' (two, four, or six years); and (4) arson to other types of property (16 months, two, or three years). (§ 451, subds. (a), (b), (c) & (d).) By creating these different levels of punishment, the Legislature intended to impose punishment '"in proportion to the seriousness of the offense,"' and, in particular, 'according to the injury or potential injury to human life involved . . . .' [Citation.]" (*People v. Labaer* (2001) 88 Cal.App.4th 289, 292 (*Labaer*).)

The district attorney in this case charged defendant with arson of an "inhabited structure" in violation of section 451, subdivision (b). Defendant pointed out in the trial court that according to section 450, which defines the terms used in the arson chapter, "'Structure' means any building, or commercial or public tent, bridge, tunnel, or powerplant." (§ 450, subd. (a).) The trial court, at the district attorney's urging, focused on whether defendant's motor home was a dwelling, i.e., a place in which defendant and Burley intended to live more or less permanently. Based on that focus, the trial court

permitted the jury to determine whether, in this case, a motor home is a structure for purposes of the arson statute.

Whether the crime is arson of a structure in violation of section 451 does not turn on whether a dwelling is involved, as clearly evidenced by the statutory definition of the term "structure." Of the several types of structures included in the statutory definition, only a building is relevant here. In this case, the prosecutor did not present any evidence to show defendant's motor home was affixed to the ground in any manner. Therefore, the motor home was not a building and, in turn, could not be a structure as that term is defined above.

For purposes of the arson statute, defendant's motor home is property, which by statutory definition "means real property or personal property, other than a structure or forest land." (§ 450, subd. (c).) The district attorney charged defendant with arson of an inhabited structure under section 451, subdivision (b), even though that section also applies to arson of "inhabited property."[4]

We need look no further than the noted statutory provisions to conclude that the district attorney incorrectly charged and prosecuted this case—the motor home in this case is not a building and, therefore, is not a "structure" as that term is defined in section 450, subdivision (a). *Labaer*, *supra*, 88 Cal.App.4th 289, on which the trial court relied, and which the Attorney General cites in this appeal, is inapposite.

---

[4] The original felony complaint and original information, as well as an amended felony complaint charged defendant with arson of an inhabited structure or property, but then the district attorney filed an amended information that only alleged arson of an inhabited structure.

In *Labaer*, which involves a mobilehome rather than a motor home, the defendant argued the mobilehome that he had partially dismantled before he set it on fire, was "property" not a building and, therefore, not subject to the increased punishment for arson of a structure.  In rejecting that claim, Division One of this court first noted that, "The Penal Code does not define 'building' for purposes of arson; we therefore apply the plain meaning of the word.  [Citation.]" (*Labaer*, *supra*, 88 Cal.App.4th at p. 292.)  The court then observed, "Labaer does not dispute that the mobilehome—as it existed during the months before the fire—constituted a 'building' [and therefore a structure] under the arson statutes.  The evidence established the [mobile]home was fixed to a particular location, could not be readily moved, and had been used as Labaer's residence for several months.  Labaer argues instead that the dilapidated condition of the home on the day of the fire—caused primarily by his illegal dismantling activities the previous day—converted the mobilehome from a 'structure' under section 451, subdivision (c) to generic 'property' subject to lesser punishment under section 451, subdivision (d).  [¶] The easy answer to this contention is that the Legislature could not have intended that a criminal defendant benefit from his or her unlawful activities to obtain a lesser punishment merely by attempting to take apart a building shortly before setting it on fire.  The more lengthy—but equally correct—response to Labaer's contention is that despite his dismantling activities, the mobilehome remained a 'building' within the meaning of the arson statute because the dismantling was never completed.  Although the mobilehome was in a substantially substandard condition, there was ample evidence

showing it remained a standing and constructed structure that had four sides and a partial roof." (*Labaer*, at pp. 292-293.)

As defendant argued in the trial court in this case, the prosecutor did not present evidence to show that the motor home in which he and Burley then lived was fixed to a particular location and, therefore, had the attributes of a building. The common feature of the things included in the statutory definition of structure is that they are all affixed to the ground and either cannot be moved at all or cannot be moved without first being dismantled and detached from the ground.[5] A motor home is a vehicle, the very purpose of which is to move from location to location. Absent evidence to show the motor home was somehow fixed in place, such a vehicle cannot, as a matter of law, be a structure

---

[5] The Attorney General argues that the ability to move is not the determining factor because a commercial or public tent can be dismantled and transported in a truck. The obvious response is that when dismantled, a commercial or public tent is not a structure; it is property.

within the meaning of the arson statute.**6** More importantly, and as defendant also

pointed out in the trial court, the punishment for arson of an inhabited structure and the

punishment for arson of inhabited property is exactly the same,**7** unlike in *Labaer*, in

which arson of a structure that is not inhabited carries a greater punishment than arson of

property that is not inhabited.**8**

---

**6** The Attorney General argues, as the district attorney did in the trial court, that "[b]uildings commonly have walls and a roof. In general, their function is to hold people and property. Although a motor home has wheels and is not fixed to the ground, it is functionally a building, as it serves all the normal purposes of a building, and shares critical design features, such as walls and a roof, and even interior rooms. It is manifestly intended to hold people." The definition of the term "structure" set out in section 450 does not turn on purpose or function, it turns on permanence or immobility, the very attribute of a motor home the Attorney General would have us disregard. Moreover, section 451, the arson statute in question, does not focus on protecting people in buildings as the Attorney General contends. The statute applies to inhabited structures which the Legislature stated means not only buildings but bridges, tunnels, and powerplants. In addition, the severe punishment the Attorney General cites as evidence of the Legislature's intent applies not only to inhabited structures but also to inhabited property, which by definition is everything other than a structure, i.e., a motor home. The only reason the severe punishment for arson of inhabited property does not apply in this case is that the district attorney inexplicably failed to charge it.

**7** Imprisonment in state prison for three, five, or eight years. (§ 451, subd. (b).) Because section 451, subdivision (b), includes both inhabited structures and inhabited property, we must reject defendant's claim that arson of inhabited property is a lesser included offense on which the trial court should have instructed the jury.

**8** Arson of a structure is punishable by two, four, or six years in state prison (§ 451, subd. (c)); arson of property is punishable by 16 months, two, or three years in state prison (§ 451, subd. (d)).

In short and simply stated, the motor home at issue in this appeal is not a structure, as that term is defined in the arson statutes and as the trial court instructed the jury.[9] Therefore, the prosecutor's evidence that defendant set fire to a motor home that caused a second inhabited motor home to catch fire was insufficient as a matter of law to support the jury's verdict finding defendant guilty of arson of an inhabited structure. Nor does that evidence support the jury's true finding on the enhancement that defendant "caused multiple structures to burn during the commission of the arson." The next issue we must address is the appropriate remedy.

**2.**

**REVERSAL WITH DIRECTIONS TO DISMISS IS THE PROPER REMEDY**

The prosecutor, as previously noted, elected to charge defendant only with arson of an inhabited structure. The trial court instructed the jury on the lesser offense of arson of property in violation of section 451, subdivision (d). Arson of property is a lesser related, but not a lesser included, offense to the charged crime of arson of an inhabited structure because, as the Attorney General concedes, the charged crime does not include all the elements of the lesser. (*People v. Hughes* (2002) 27 Cal.4th 287, 365-366 ["'An offense is necessarily included in another if . . . the greater statutory offense cannot be committed without committing the lesser because all of the elements of the lesser offense are included in the elements of the greater'"].) "In other words, when the greater crime

---

[9] The trial court instructed the jury according to the statutory definition that a structure is any building, bridge, tunnel, powerplant, or commercial or public tent.

'cannot be committed without also committing another offense, the latter is necessarily included within the former.' [Citation.]" (*Id*. at p. 366.)

Arson of property as defined in section 450, subdivision (c), includes arson of everything *except* a structure or forest land. Therefore, arson of property is not a lesser necessarily included offense of the charged crime because in committing arson of an inhabited structure, the perpetrator is not also committing the crime of arson of property. Because it is not a lesser necessarily included offense of the charged crime, we cannot exercise our authority under section 1181, subdivision 6, to reduce defendant's conviction from the greater to the lesser included offense.

Under the circumstances of this case, we have no alternative but to reverse defendant's conviction with directions to the trial court to dismiss the charges. We cannot, as the Attorney General urges, remand for a new trial because that would violate the constitutional prohibition against placing a person twice in jeopardy for the same offense. *People v. Lagunas* (1994) 8 Cal.4th 1030, which the Attorney General cites to support its request for a new trial, involves the trial court, sitting as a 13th juror. As the Supreme Court explained, "When, after a jury verdict, a trial court rules on a new trial motion, it independently assesses the evidence supporting the verdict. [Citations.] If the trial court is not convinced that the evidence presented at trial warrants the jury's verdict finding the defendant guilty of the offense charged, but the court concludes that the evidence would have justified conviction of a lesser related offense, it has statutory authority to order a new trial. (§ 1181, subd. 6.) Such an order 'places the parties in the same position as if no trial had been had' (§ 1180), thus giving the People the option to

retry the case." (*Id*. at p. 1038.) "In considering a motion for a new trial made on the ground of insufficiency of the evidence to support the verdict, the trial court independently weighs the evidence, in effect acting as a '13th juror.' If the trial court, sitting as a '13th juror,' would have decided the case differently from the other 12 jurors and grants the motion for a new trial, there is no double jeopardy bar to retrial. [Citation.] Double jeopardy does bar retrial, however, when a court, using the 'substantial evidence' test, determines as a matter of law that the prosecution failed to prove its case." (*Ibid*., fn. 6.)

We conclude the prosecution, as a matter of law, failed to prove its case against defendant. Therefore, retrial of defendant is prohibited, and we must reverse the judgment with directions to dismiss the charges.

## DISPOSITION

The judgment is reversed, and the matter remanded to the trial court with directions to dismiss the charge and all enhancements based on insufficiency of the prosecution's evidence to prove the charged crime.

CERTIFIED FOR PUBLICATION

McKINSTER
Acting P. J.

We concur:


RICHLI
J.


CODRINGTON
J.

11