[No. C018456. Third Dist. Nov. 9, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
TOBY TITUS WADE, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of Factual and Procedural Background and Parts I, II, III, IV and VI of the Discussion.

## COUNSEL

George L. Mertens, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Michael J. Weinberger and Thomas Y. Shigemoto, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SIMS, J.**—Defendant Toby Titus Wade appeals from a judgment of conviction for second degree murder (Pen. Code, § 187),[1] with a finding of personal use of a deadly weapon (knife) in the commission of a felony (§ 12022, subd. (b)). Defendant contends (1) the trial court erroneously failed to instruct sua sponte on lesser included offenses, (2) other jury instructions were improperly given or omitted, and (3) the trial court improperly refused to disclose the jurors' addresses and phone numbers to the defense after the verdict. In an unpublished portion of this opinion we reject various claims of instructional error. We also reject defendant's contention that the trial court improperly refused to disclose jurors' addresses and phone numbers. In this published portion, we conclude the trial court did not err in giving certain standard CALJIC instructions. We shall therefore affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[1]Undesignated statutory references are to the Penal Code.
*See footnote, *ante*, page 1487.

DISCUSSION

I.-IV.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

V.  *Instructions Did Not Alter Burden of Proof (CALJIC Nos. 1.00, 2.01, 2.21.2, 2.27, and 2.51)*

Defendant contends various standard CALJIC instructions, individually and together, lightened the prosecution's burden of proving guilt beyond a reasonable doubt by confusing "not guilty" with "innocent" and by referring to "probabilities" rather than "beyond a reasonable doubt." According to defendant, these instructions undercut the burden of proof "by referring to the jury's determination as something other than a finding of whether a reasonable doubt had remained following the evidence in this case." We disagree.

We will examine defendant's contentions in turn, guided by the standard for reviewing claims of ambiguous jury instructions, i.e., "whether there is a reasonable likelihood that the jury misconstrued or misapplied the words" of the instruction. (*People* v. *Clair* (1992) 2 Cal.4th 629, 663 [7 Cal.Rptr.2d 564, 828 P.2d 705], citing *Estelle* v. *McGuire* (1991) 502 U.S. 62, 72-73 [116 L.Ed.2d 385, 399, 112 S.Ct. 475].) Moreover, "[i]t is well established in California that the correctness of jury instructions is to be determined from the entire charge of the court, not from a consideration of parts of an instruction or from a particular instruction." (*People* v. *Burgener* (1986) 41 Cal.3d 505, 538 [224 Cal.Rptr. 112, 714 P.2d 1251].) "[T]he fact that each instruction does not cover the whole case[] does not make such instruction erroneous, if the instructions, as a whole, did so . . . ." (*People* v. *Mohammed* (1922) 189 Cal. 429, 431 [208 P. 963].)

A.  *CALJIC No. 1.00*

The trial court instructed with CALJIC No. 1.00, which told the jury in part:

"You must not be influenced by pity for a defendant or by prejudice against him. You must not be biased against the defendant because he has been arrested for this offense, charged with a crime, or brought to trial. None of these circumstances is evidence of guilt, and you must not infer or assume from any or all of them that he is *more likely to be guilty than innocent.* . . ." (Italics added.)

*See footnote, ante, page 1487.

Defendant contends the language regarding "more likely to be" "guilty" or "innocent" undercut the burden of proof because the issue is not one of guilt or innocence but whether there is a reasonable doubt as to the state's evidence.

However, the jury would not have construed the instruction in the manner suggested by defendant. A reasonable juror would understand this instruction as an advisement to disregard the facts that defendant had been arrested, charged, and brought to trial, and to presume the defendant innocent. "Constitutional jurisprudence has long recognized [instruction on the presumption of innocence] as one way of impressing upon the jury the importance of the right to have one's guilt 'determined solely on the basis of the evidence introduced at trial, and not on grounds of official suspicion, indictment, continued custody, or other circumstances not adduced as proof at trial. . . . ' [Citation.]" (*People* v. *Hawthorne* (1992) 4 Cal.4th 43, 72 [14 Cal.Rptr.2d 133, 841 P.2d 118] [omission of CALJIC No. 1.00 was error but harmless], citing *Cupp* v. *Naughten* (1973) 414 U.S. 141 [38 L.Ed.2d 368, 94 S.Ct. 396].)

Moreover, the jurors were clearly and fully instructed on the burden of proof. They were told defendant's plea of not guilty "places upon the prosecution the burden to establish beyond a reasonable doubt that the defendant is guilty of the crimes charged in the Information." The jury was also instructed with CALJIC No. 2.90, as follows: "A defendant in a criminal action is presumed to be innocent until the contrary is proved. And in the case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to a verdict of not guilty. This presumption places upon the People the burden of proving him guilty beyond a reasonable doubt. [¶] Reasonable doubt is defined as follows: It is not a mere possible doubt because everything relating to human affairs and depending upon moral evidence is open to some possible or imaginary doubt. It is that state of the case, which, after the entire comparison and consideration of all the evidence leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction to a moral certainty of the truth of the charge." The jury was also instructed: "The burden is on the prosecution to prove beyond a reasonable doubt that the homicide was unlawful, that is not justifiable. If there is a reasonable doubt that the homicide was unlawful, you must find the defendant not guilty."

The jury was also told to "[c]onsider the instructions as a whole and each in light of all the others."

We conclude defendant has failed to show any error in the giving of CALJIC No. 1.00.

## B. *CALJIC No. 2.01*

■ Defendant complains the trial court instructed the jury with CALJIC No. 2.01, as follows: "[I]f the circumstantial evidence as to any particular count is susceptible of two reasonable interpretations, one of which points to the defendant's guilt and the other *to his innocence,* you must adopt that interpretation which *points to the defendant's innocence* and reject that interpretation which points to his guilt." (Italics added.)

Defendant argues this instruction characterizes the jury's choices as guilt or innocence, thereby undermining the burden of proof and implicating defendant's federal and state constitutional rights to due process. We disagree.

First, defendant neglects to quote the paragraph which immediately preceded the challenged language, as follows: "[E]ach fact which is essential to complete a set of circumstances necessary to establish the defendant's guilt must be proved beyond a reasonable doubt. In other words, before an inference essential to establish guilt may be found to have been proved beyond a reasonable doubt, each fact or circumstance upon which such inference necessarily rests must be proved beyond a reasonable doubt."

In context, no reasonable juror would apply the instruction in the manner suggested by defendant.

Moreover, the challenged language did not tell the jurors they had to find defendant innocent in order not to convict him. "Innocence" in this jury instruction is used simply to connote a state of evidence opposing guilt. To say that evidence "points to" innocence does not suggest that a defendant has to prove his innocence. The language is used simply as a status of not guilty, a kind of compass or direction signal indicating where the evidence points.

Thus, in answering a similar challenge to instructions about the truthfulness of witnesses in a criminal case, the United States Supreme Court said: "Certainly the instruction by its language neither shifts the burden of proof nor negates the presumption of innocence accorded under [state] law. It would be possible perhaps as a matter of abstract logic to contend that any instruction suggesting that the jury should believe the testimony of a witness might in some tangential respect 'impinge' upon the right of the defendant to have his guilt proved beyond a reasonable doubt. But instructions bearing on the burden of proof, just as those bearing on the weight to be accorded different types of testimony and other familiar subjects of jury instructions, are in one way or another designed to get the jury off dead center and to give

it some guidance by which to evaluate the frequently confusing and conflicting testimony which it has heard." (*Cupp* v. *Naughten, supra,* 414 U.S. at pp. 148-149 [38 L.Ed.2d at p. 374].)

Defendant fails to show any error in the giving of CALJIC No. 2.01.

### C. *CALJIC No. 2.21.2*

■ Defendant complains the trial court instructed the jury with CALJIC No. 2.21.2, as follows: "A witness who is wil[l]fully false in one material part of his or her testimony is to be distrusted in others. [¶] You may reject the whole testimony of a witness who willfully has testified falsely as to a material point unless from all the evidence you believe the *probability of truth* favors his or her testimony in other particulars." (Italics added.)

Defendant asserts this instruction lightened the prosecution's burden of proof by allowing the jury to assess prosecution witnesses by seeking only a probability of truth in their testimony.

However, a similar claim was rejected in *People* v. *Beardslee* (1991) 53 Cal.3d 68 [279 Cal.Rptr. 276, 806 P.2d 1311], as follows: "The qualification attacked by defendant as shifting the burden of proof ('unless from all the evidence you shall believe the probability of truth favors his testimony in other particulars') is merely a statement of the obvious—that the jury should refrain from rejecting the whole of a witness's testimony if it believes that the probability of truth favors any part of it. [¶] 'Thus [the instruction] does nothing more than explain to a jury one of the tests they may use in resolving a credibility dispute.' [Citation.]" (*People* v. *Beardslee, supra,* 53 Cal.3d at p. 95.)

Defendant points out *Beardslee* is distinguishable because the issue there was application of the instruction to *defense* witnesses. According to defendant, when applied to prosecution witnesses, the instruction undercuts the burden of proof "by allowing the jury to assess those witnesses for only a 'probability of truth' in their testimony." He cites language in *People* v. *Rivers* (1993) 20 Cal.App.4th 1040 [25 Cal.Rptr.2d 602], that "[a]n instruction which told the jury that this testimony [of a prosecution witness] could be accepted based on a 'probability' standard is somewhat suspect." (*Id.* at p. 1046.) However, *Rivers* found no basis for reversal, in part because the jury was instructed on the burden of proof and was also told to consider the instructions as a whole. (*Ibid.*)

In the recent case of *People* v. *Foster* (1995) 34 Cal.App.4th 766 [40 Cal.Rptr.2d 633], the defendant made the same challenge to CALJIC No.

2.21.2 that defendant makes in the case before us, contending the instruction lightened the burden of proof when applied to prosecution witnesses. The Fifth District upheld the use of the instruction. "CALJIC No. 2.21.2 ' "does nothing more than explain to a jury one of the tests they may use in resolving a credibility dispute." ' [Citations.] The 'probability of truth' qualification 'is merely a statement of the obvious—that the jury should refrain from rejecting the whole of a witness's testimony if it believes that the probability of truth favors any part of it.' [Citation.] The jury in the present case was instructed [on the burden of proof and to consider the instructions as a whole]. Thus, regardless of what concerns might arise if CALJIC No. 2.21.2 had stood alone, or what appropriate limitations or clarifications might have been added to its language, when the instructions are considered as a whole we are satisfied the jury was adequately told to apply CALJIC No. 2.21.2 only as part of the process of determining whether the prosecution had met its fundamental burden of proving [the defendant's] guilt beyond a reasonable doubt.' [Citation.] We therefore conclude that, in the context of all the instructions, no reasonable juror would have interpreted CALJIC No. 2.21.2 to permit a criminal conviction where the evidence showed the prosecution's evidence was probably truthful, hence the defendant was' probably' guilty yet not guilty beyond a reasonable doubt. [Citation.] For these reasons, the giving of an unmodified form of the instruction was not error. [Citation.]" (*People* v. *Foster*, *supra*, 34 Cal.App.4th at pp. 775-776, fns. omitted.)

We conclude there was no error in giving CALJIC No. 2.21.2 despite its application to prosecution witnesses, because the jury was fully instructed on the burden of proof and was told to consider the instructions as a whole.

Defendant also contends this instruction was flawed because it did not define "material part."

However, "[i]t is not necessary to instruct jurors on the meaning of words in common usage which are presumed to be within the understanding of a person of ordinary intelligence." (5 Witkin & Epstein, Cal. Criminal Law, (2d ed. 1989) Trial, § 2939, p. 3607, and cases cited therein; see also *People* v. *Hardy* (1992) 2 Cal.4th 86, 153 [5 Cal.Rptr.2d 796, 825 P.2d 781] [no duty sua sponte to instruct on meaning of "fraud"].)

Defendant acknowledges "material" is a word of common usage, meaning "substantial. . . essential . . . relevant . . . pertinent." (Webster's New Internat. Dict. (3d ed. 1971) p. 1392.)

Defendant nevertheless argues "material" has a technical legal definition. He cites inapposite cases discussing, e.g., the trial court's determination of

materiality in summary judgment proceedings. (*Andalon* v. *Superior Court* (1984) 162 Cal.App.3d 600, 604-605 [208 Cal.Rptr. 899].) Defendant also cites *People* v. *Pierce* (1967) 66 Cal.2d 53, 61 [56 Cal.Rptr. 817, 423 P.2d 969], which held the test for materiality as an element of the crime of perjury is "whether the statement could probably have influenced the outcome of the proceedings . . . ."

However, read in the context of CALJIC No. 2.21.2, it is clear that "material" is not used in the sense described in *Pierce*, i.e., as probably influencing the outcome. It would make no sense to tell the jury that it could distrust a false witness only if the falsity influenced the outcome of the case. Rather, as used in the instruction, "material" carries its ordinary meaning of "substantial, essential, relevant or pertinent." The instruction thus tells the jury it can distrust a witness who is willfully false in giving relevant or pertinent testimony.

Since "material" is used in its common and ordinary sense in the instruction, no further definitional instruction was necessary. (See *People* v. *Hardy*, *supra*, 2 Cal.4th at p. 153.) There was no error.

### D. *CALJIC No. 2.27*

■ Defendant complains the trial court instructed the jury with CALJIC No. 2.27, as follows: "You should give the uncorroborated testimony of a single witness whatever weight you think it deserves. However, testimony by one witness which you believe concerning any fact whose testimony about that fact does not require corroboration is sufficient for the proof of that fact. [¶] You should carefully review all the evidence upon which the proof of such fact depends."

Defendant complains this instruction failed to distinguish between prosecution and defense testimony. He points to his uncorroborated testimony that the victim had a knife and asserts the defense is only required to raise a reasonable doubt, not establish a "fact."

Defendant acknowledges the Supreme Court upheld this instruction in *People* v. *Gammage* (1992) 2 Cal.4th 693, 702 [7 Cal.Rptr.2d 541, 828 P.2d 682] and *People* v. *Turner* (1990) 50 Cal.3d 668, 696-698 [268 Cal.Rptr. 706, 789 P.2d 887]. Defendant argues those cases did not address his concern that the jury be made aware of the burden of proof in respect to his testimony. However, the *Turner* court did touch on the issue, stating: "Defendant claims the instruction is . . . confusing . . . , since it erroneously *suggests* the defense, like the prosecution, has the burden of proving facts.

On reflection, we agree that the instruction's wording could be altered to have a more neutral effect as between prosecution and defense . . . . We encourage further effort toward the development of an improved instruction." (*People* v. *Turner*, *supra*, 50 Cal.3d at p. 697, original italics, fn. omitted.) The *Turner* court nevertheless concluded the jury was not misled because it received full instructions on the burden of proof. "We cannot imagine that the generalized reference to 'proof' of 'facts' in CALJIC No. 2.27 would be construed by a reasonable jury to undermine these much-stressed principles." (*Ibid.*; see also *People* v. *Montiel* (1993) 5 Cal.4th 877, 941 [21 Cal.Rptr.2d 705, 855 P.2d 1277], reaffirming *Turner.*)

Here, the jury was fully instructed on the burden of proof.

Defendant fails to show any error in the giving of CALJIC No. 2.27.

### E. *CALJIC No. 2.51*

Defendant complains the jury was instructed with CALJIC No. 2.51, as follows: "Motive is not an element of the crime charged and need not be shown. However, you may consider motive or lack of motive as a circumstance' in this case. Presence of motive may tend to establish *guilt*. Absence of motive may tend to establish *innocence*. [¶] You will, therefore, give its presence or absence, as the case may be, the weight to which you find it to be entitled." (Italics added.)

Defendant contends the language indicating that the lack of motive might point to innocence undercuts the prosecution's burden of proof.

Again, however, the instruction merely uses innocence as a direction signal or compass. It does not tell the jurors they must find innocence, nor does it lighten the prosecution's burden of proof, upon which the jury received full and complete instructions.

There was no error.

### F. *No Cumulative Error*

Defendant contends the foregoing instructions, when considered together, confused or diluted the burden of proof. We disagree. Considered as a whole, the instructions properly informed the jury as to the requisite burden of proof.

VI. *Nondisclosure of Juror Information**

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

DISPOSITION

The judgment is affirmed.

Puglia, P. J., and Sparks, J., concurred.

A petition for a rehearing was denied December 5, 1995, and appellant's petition for review by the Supreme Court was denied February 22, 1996. Mosk, J., was of the opinion that the petition should be granted.

---

*See footnote, *ante*, page 1487.