[No. C052364. Third Dist. Oct. 3, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
EULALIO GUERRERO II, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of part II of the DISCUSSION.

**COUNSEL**

Linda M. Leavitt, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette and Michael P. Farrell, Assistant Attorneys General, Charles A. French and Robert C. Nash, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SIMS, J.**—A jury convicted defendant Eulalio Guerrero II of 13 counts of lewd and lascivious acts on a child under the age of 14 (Pen. Code, § 288, subd. (a)) and sustained an allegation that he committed the offenses against two or more victims (Pen. Code, § 667.61, subd. (e)(5)). He was sentenced to 45 years to life in prison.

Defendant contends the court misstated the reasonable doubt standard by instructing the jury with CALCRIM No. 220,[1] and the prosecutor committed prejudicial misconduct during the questioning of a police officer. In the published portion of this opinion we hold the reasonable doubt instruction in CALCRIM No. 220 does not violate due process. In the unpublished portion, we hold the prosecutor's questioning was not misconduct. We shall therefore affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

We briefly summarize the facts of defendant's crimes, which are not necessary to resolve this appeal. The case involves defendant's granddaughter, R.G., and the daughters of his daughter's boyfriend, S.G. and F.G. The girls would visit defendant at his home from time to time, sometimes spending the night, either individually or together. Defendant was convicted of molesting R.G., S.G., and F.G. Except for one incident with F.G. in his Jeep, defendant molested the girls at his house.

F.G. testified to five separate incidents, with some involving multiple molestations. S.G. testified to being molested once, and R.G. recalled three incidents over a three-year period. R.G. was molested between the ages of 10 to 12, and one of F.G.'s molestations took place when she was eight. S.G., who was nine when she testified, believes she was six during the incident.

The girls initially were afraid to tell any adults, but F.G. told her mother after talking about the molestations with her sisters and one of her cousins.[2] The other girls told their mothers about the molestations once F.G. had told her mother.

Defendant testified on his own behalf and denied the girls' accusations.

---

[1] Further references to CALCRIM are to the Judicial Council of California Criminal Jury Instructions (2006–2007) CALCRIM No. 220 unless otherwise designated.

[2] F.G. and S.G. have an older sister who did not testify.

## DISCUSSION

## I

The trial court instructed the jury with CALCRIM No. 220, which states:

"The fact that a criminal charge has been filed against the defendant is not evidence that the charge is true. You must not be biased against the defendant just because he has been arrested, charged with a crime, or brought to trial.

"A defendant in a criminal case is presumed to be innocent. This presumption requires that the People prove each element of the crime and special allegation beyond a reasonable doubt. Whenever I tell you the People must prove something, I mean they must prove it beyond a reasonable doubt.

"Proof beyond a reasonable doubt is proof that leaves you with an abiding conviction that the charge is true. The evidence need not eliminate all possible doubt because everything in life is open to some possible or imaginary doubt.

"In deciding whether the People have proved their case beyond a reasonable doubt, you must impartially compare and consider all the evidence that was received throughout the entire trial. Unless the evidence proves the defendant guilty beyond a reasonable doubt, he is entitled to acquittal and you must find him not guilty."

Defendant contends this instruction prevented the jury from considering a lack of evidence in deciding whether reasonable doubt existed. In support of his contention, defendant focuses on the phrase "the evidence that was received throughout the entire trial." Defendant argues his due process rights are violated by an instruction defining reasonable doubt "unless the concept of lack of evidence is included in the basic definition of reasonable doubt," thus rendering the instruction facially invalid. Defendant's argument is not well taken.[3]

██ The "Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt . . . ." (*In re Winship* (1970)

---

[3] The Attorney General contends any error is invited because defense counsel, while objecting to the trial court's answer to a question from the jury, indicated that CALCRIM No. 220 correctly stated the law. The doctrine of invited error is limited to those situations where it is clear that counsel acted for tactical reasons or where there is a "clearly implied tactical purpose" to counsel's actions. (*People v. Coffman and Marlow* (2004) 34 Cal.4th 1, 49 [17 Cal.Rptr.3d 710, 96 P.3d 30].) Based on the record before us we cannot find or imply a clear tactical purpose to counsel's actions which would amount to invited error.

397 U.S. 358, 364 [25 L.Ed.2d 368, 375, 90 S.Ct. 1068].) An instruction which misstates the prosecution's burden to prove every element of the crime beyond a reasonable doubt violates due process. (*Victor v. Nebraska* (1994) 511 U.S. 1, 5 [127 L.Ed.2d 583, 590, 114 S.Ct. 1239] (*Victor*).)

In *Victor*, the Supreme Court explained the due process standard for evaluating instructions defining reasonable doubt. "The beyond a reasonable doubt standard is a requirement of due process, but the Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course. [Citation.] Indeed, so long as the court instructs the jury on the necessity that the defendant's guilt be proved beyond a reasonable doubt [citation], the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof. [Citation.] Rather, 'taken as a whole, the instructions [must] correctly convey the concept of reasonable doubt to the jury.' [Citation.]" (*Victor, supra*, 511 U.S. at p. 5 [127 L.Ed.2d at p. 590].)

In *Victor*, the Supreme Court noted that it had found a reasonable doubt instruction to violate due process in only one case. (See *Victor, supra*, 511 U.S. at p. 5 [127 L.Ed.2d at p. 590], citing *Cage v. Louisiana* (1990) 498 U.S. 39 [112 L.Ed.2d 339, 111 S.Ct. 328] (*per curiam*).) In *Cage*, the jury was instructed that reasonable doubt " '*must be such doubt as would give rise to a grave uncertainty . . . [i]t is an actual substantial doubt*' " and its negation involves a " '*moral certainty.*' " (*Cage, supra*, 498 U.S. at p. 40 [112 L.Ed.2d at pp. 341–342].) Instructing the jury with these phrases violated due process by suggesting to the jurors "a higher degree of doubt than is required for acquittal under the reasonable-doubt standard." (*Id.* at p. 41 [112 L.Ed.2d at p. 342].)

█ Unlike the instruction in *Cage*, CALCRIM No. 220 does not suggest an impermissible definition of reasonable doubt to the jury. The instruction defines reasonable doubt as the absence of an abiding conviction in the truth of the charges. "An instruction cast in terms of an abiding conviction as to guilt, . . . correctly states the government's burden of proof." (*Victor, supra*, 511 U.S. at pp. 14–15 [127 L.Ed.2d at p. 596].) The instruction neither lowers the prosecution's standard of proof nor raises the amount of doubt the jury must have in order to acquit a defendant.

█ Contrary to defendant's suggestion, CALCRIM No. 220 instructs the jury to acquit in the absence of evidence. In addressing defendant's claim, we consider whether a "reasonable juror would apply the instruction in the manner suggested by defendant." (*People v. Wade* (1995) 39 Cal.App.4th 1487, 1493 [46 Cal.Rptr.2d 645].) The jury is instructed to consider only the evidence, and to acquit unless the evidence proves defendant's guilt beyond a

reasonable doubt. If the government presents no evidence, then proof beyond a reasonable doubt is lacking, and a reasonable juror applying this instruction would acquit the defendant.

Due process requires nothing more. CALCRIM No. 220 does not violate due process.

II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed.

Scotland, P. J., and Cantil-Sakauye, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 19, 2007, S157949.

---

*See footnote, *ante*, page 1264.